UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CUSTOM DESIGNS OF NASHVILLE,<br>INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO.  3:08-0665 |
| | ) | Judge Trauger/Bryant |
| ALSA CORPORATION, | ) | **Jury Demand** |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending in this case are two motions, plaintiffs' motion
to quantify prejudgment interest (Docket Entry No. 64) and
plaintiffs' motion for an award of attorney fees pursuant to 35
U.S.C. § 285 (Docket Entry No. 66).

These two motions have been referred to the undersigned
Magistrate Judge for disposition (Docket Entry No. 68).

For the reasons stated below, the Court **GRANTS**
plaintiffs' motion to quantify prejudgment interest as stated in
this memorandum, and **DENIES** plaintiffs' motion for award of
attorney fees.

## Pertinent Procedural History

Plaintiffs filed this action on July 7, 2008, alleging
that defendant ALSA Corporation was guilty of patent infringement
and false marking (Docket Entry No. 1).  Defendant thereafter filed
its answer denying liability and asserted a counterclaim against
plaintiffs (Docket Entry No. 9).

On January 20, 2009, defendant's counsel filed his motion for leave to withdraw, citing the defendant's failure to pay his statements for legal services (Docket Entry Nos. 27 and 28). This motion was granted, and the Court directed the defendant to secure new counsel within thirty days (Docket Entry No. 30). Defendant thereafter filed its motion seeking permission to proceed pro se and asserting its inability to afford to pay an attorney to represent it (Docket Entry No. 32). This motion was denied by the Court, citing the local rule that requires that all corporations be represented by counsel in this district (Docket Entry No. 34). Shortly thereafter, plaintiffs filed their motion to deem requests for admission admitted (Docket Entry No. 36). This motion references certain requests for admissions served upon defendant on January 20, 2009, which, apparently by coincidence, was the date upon which defendant's counsel filed his motion for leave to withdraw. The Court granted plaintiffs' motion (Docket Entry No. 38).

After plaintiffs' motion for entry of default (Docket Entry No. 39) was denied by the Court (Docket Entry No. 40), plaintiffs filed their motion for summary judgment (Docket Entry No. 49), which relied in large part upon the requests for admissions previously deemed admitted by the Court due to defendant ALSA's failure to serve responses (Docket Entry No. 51). Following a report and recommendation by the Magistrate Judge, the Court

granted plaintiffs' motion for summary judgment and entered a judgment in favor of plaintiffs, including a fine of defendant ALSA, an award of compensatory damages, and a permanent injunction (Docket Entry No. 59).

### Plaintiffs' Motion to Quantify Prejudgment Interest

Plaintiffs by their motion argue that the Court should quantify prejudgment interest in this case at a flat rate of ten percent of their judgment amount (Docket Entry No. 65).

As plaintiffs suggest, the interest rate to be applied to prejudgment interest is committed to the discretion of the district court. <u>Laitram Corp. v. NEC Corp.</u>, 115 F.3d 947, 955 (Fed.Cir. 1997). Plaintiffs urge the Court to apply the statutory interest rate on judgment used by state courts in Tennessee, which is ten percent. Tenn. Code Ann. § 47-14-103(3).

The Supreme Court has held that "in the typical case [of patent infringement] an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." <u>General Motors Corp. v. Devex Corp.</u>, 461 U.S. 648, 655 (1983).

In the absence of any proof regarding what the interest rate would be under a reasonable royalty agreement, the undersigned Magistrate Judge finds that prejudgment interest in this case should be calculated at the standard federal statutory rate of

3

interest provided in 28 U.S.C. § 1961. This interest should be calculated from May 19, 2006, the earliest date of infringing sales by defendant ALSA (Docket Entry No. 52-1), to the date of judgment in this case.

**<u>Plaintiffs' Motion for Award of Attorney Fees</u>**

Plaintiffs also have filed a motion (Docket Entry No. 66) for an award of their attorney fees.

Title 35, section 285 of the United States Code provides that the court "in exceptional cases may award reasonable attorney fees to the prevailing party" in a patent infringement case. However, an award of attorney fees in a patent case is the exception, and not the rule. <u>Uniflow Mfg. Co. v. King-Seeley Thermos Co.</u>, 428 F.2d 335 (6th Cir. 1970). Moreover, an award of attorney fees in a patent case is addressed to the sound discretion of the district court based on an evaluation of the conduct of the parties to the litigation. <u>Campbell v. Spectrum Automation Co.</u>, 601 F.2d 246 (6th Cir. 1979).

Plaintiffs argue that this case is "exceptional," and thus warranting an award of attorney fees, for two reasons. First, they assert that defendant's admission of wilful infringement of plaintiffs' patent makes this an exceptional case. Second, plaintiffs assert that defendant ALSA committed litigation misconduct by "interfering" in the litigation after its counsel had been granted leave to withdraw. Specifically, plaintiffs complain

about a letter dated October 12, 2009 (Docket Entry No. 45), from defendant's president urging the Court to deny plaintiffs' motion for entry of default, which was then pending. This letter was sent by defendant after defendant's lawyer had been granted leave to withdraw and after the Court had denied defendant's request to proceed <u>pro</u> <u>se</u> (Docket Entry No. 34). Plaintiffs maintain that this "interference" by defendant "prolonged this case to the detriment of the Plaintiffs who incurred additional, unnecessary expenses to achieve the same result they would have had nearly nine months earlier." (Docket Entry No. 66).

The undersigned Magistrate Judge finds that this is not an exceptional case within the meaning of 35 U.S.C. § 285 for the following reasons. First, while it is true that the Court found that defendant ALSA admitted its wilful infringement of plaintiffs' patent, this finding was based not upon a weighing of controverted evidence, but, instead, upon defendant's procedural default in failing to serve responses to requests for admission. Although a factual finding based upon a party's failure to respond to requests for admissions is certainly a basis for a judgment of liability, the undersigned Magistrate Judge finds that it does not establish this case as "exceptional" under 35 U.S.C. § 285. Defendant ALSA, after engaging in a few brisk preliminary skirmishes, in essence ran up the white flag of surrender and abandoned the field of battle. Plaintiffs here obtained virtually all of the relief they

sought without the necessity of an expensive battle of expert witnesses usually required in a complex case of patent infringement. Similarly, the undersigned Magistrate Judge finds that defendant ALSA's feeble attempts to contest this case after its lawyer withdrew are insufficient to make this an exceptional case warranting an award of attorney fees under 35 U.S.C. § 285.

For these reasons, plaintiffs' motion for an award of attorney fees (Docket Entry No. 66) is **DENIED**.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge